**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE ABSENTEE SHAWNEE TRIBE OF OKLAHOMA and THUNDERBIRD ENTERTAINMENT CENTER, INC., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-09-0091-F |
| THE HONORABLE DOUGLAS COMBS, DISTRICT COURT OF POTTAWATOMIE COUNTY, OKLAHOMA and SHANTONA BITTLE, individually, | ) | |
| Defendants. | ) | |

**ORDER**

Each defendant moves separately for dismissal under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., challenging this court's jurisdiction and the facial sufficiency of the complaint. The Honorable Douglas Combs' motion to dismiss (doc. no. 11) was filed February 18, 2009, and Shantona Bittle's motion to dismiss (doc. no. 15), was filed March 12, 2009. Plaintiffs have responded to both motions, no replies have been filed, and the motions are ready for determination.

Summary of the Complaint and Procedural Background

In this action the Absentee Shawnee Tribe of Oklahoma and the Thunderbird Entertainment Center, Inc., a corporation allegedly organized under the laws of the Tribe and owned by the Tribe, ask this court to enjoin proceedings in a civil state-court action currently pending before Judge Douglas Combs in the District Court of

Pottawatomie County, State of Oklahoma, as Bittle v. Bahe, CJ-2005-1249.[1] The complaint also seeks certain declarations. In support of this relief, the complaint alleges the following procedural background.

Bittle v. Bahe is a negligence action brought by Shantona Bittle, who was injured in a car collision with Valentine Bahe and/or Val Tsosie. In Bittle v. Bahe, Ms. Bittle alleges the that collision occurred because Thunderbird Entertainment Center employees negligently served excessive amounts of alcohol to Valentine Bahe or Val Tsosie (or both) at the Thunderbird Entertainment Center, which is located on tribal land. The Absentee Shawnee Tribe of Oklahoma (the Tribe), the Thunderbird Entertainment Center, Valentine Bahe and Val Tsosie are defendants in Bittle v. Bahe. Based on his conclusion that the state district court lacked subject matter jurisdiction over the controversy due to the Tribe's and the Thunderbird Entertainment Center's tribal sovereign immunity, which Judge Combs found had not been waived, Judge Combs dismissed Bittle v. Bahe on August 1, 2006.

Ms. Bittle appealed Judge Combs' order of dismissal. The Oklahoma Court of Civil Appeals affirmed the dismissal. Ms. Bittle then filed a petition for writ of certiorari seeking review by the Oklahoma Supreme Court. On February 5, 2008, the Oklahoma Supreme Court issued its opinion vacating the Court of Civil Appeals' decision and reversing Judge Combs' order of dismissal. The Oklahoma Supreme Court concluded that the Oklahoma District Court of Pottawatomie County had jurisdiction because the Tribe and the Thunderbird Entertainment Center had no immunity with respect to Ms. Bittle's negligence claim. Rehearing was denied,

[1]Both the on-going state proceedings, and the Oklahoma Supreme Court's decision which determined that the state courts had jurisdiction over those proceedings, are referred to as Bittle v. Bahe in this order. The Oklahoma Supreme Court decision is reported at Bittle v. Bahe, 192 P.3d 810 (Okla. 2008).

mandate issued, and Bittle v. Bahe was remanded to the District Court of Pottawatomie County, Judge Combs presiding, for further proceedings on the merits. Ms. Bittle did not seek review of the Oklahoma Supreme Court's decision in the United States Supreme Court.[2]

Following these events, this action was brought by the Tribe and the Thunderbird Entertainment Center. The complaint alleges that Judge Combs and the District Court of Pottawatomie County are now attempting to exercise jurisdiction over the Tribe and The Thunderbird Entertainment Center in Bittle v. Bahe, but that only the Absentee Shawnee Tribal Court has jurisdiction over that dispute.

The defendants in this action are Judge Combs and Shantona Bittle. As previously stated, the prayer seeks two types of relief from these defendants: an injunction prohibiting further proceedings in state court in Bittle v. Bahe, and various declarations that would contradict the conclusions of the Oklahoma Supreme Court in Bittle v. Bahe and support an injunction of the proceedings in state court.

Standards

In passing on a motion to dismiss, whether bringing a facial attack on the ground of lack of jurisdiction over the subject matter under Rule 12(b)(1) or whether challenging the complaint for failure to state a cause of action under Rule 12(b)(6), the non-movant enjoys similar safeguards; the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the complaint to determine jurisdiction. *See, e.g.*, Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting

[2]The complaint does not allege this last procedural fact, however, the Oklahoma Supreme Court docket sheet is attached as Exhibit 2 to doc. no. 11, indicating that no review was sought. Furthermore, this is a fact of public record of which this court may take judicial notice.

Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 Moore's Federal Practice, § 12.30[4] (Matthew Bender 3d ed.) The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969,1974 (2007).

To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*.

Summary of the Parties' Arguments

Defendants argue that this action should be dismissed under Rule 12(b)(1) because this court has no jurisdiction to review the correctness of the Oklahoma Supreme Court's decision in Bittle v. Bahe. Defendants also argue this action should be dismissed under Rule 12(b)(6) because this court must give full faith and credit to the decision of the Oklahoma Supreme Court in Bittle v. Bahe; because preclusion doctrines (res judicata and collateral estoppel) require dismissal; because the Anti-Injunction Act, 28 U.S.C. § 2283, bars the injunctive and declaratory relief sought in this action.[3]

---

[3]Defendants also argue that the Declaratory Judgment Act does not provide a means by which limitations put in place by the full faith and credit doctrine, preclusion doctrines, or the Anti-
(continued...)

Plaintiffs respond by arguing that no full faith and credit is due the Oklahoma Supreme Court's decision in Bittle v. Bahe because, in light of the Tribe's and the Thunderbird Entertainment Center's immunity, the Oklahoma Supreme Court was not a court of competent jurisdiction to enter a judgment against the Tribe or the Thunderbird Entertainment Center; that full faith and credit is not due Bittle v. Bahe because the Oklahoma Supreme Court's decision is not a final judgment on the same cause of action that is alleged in this action; that preclusion doctrines do not bar this action because the Oklahoma Supreme Court's decision in Bittle v. Bahe is not a final judgment and did not involve the same parties that are involved in this action; and that the Anti-Injunction Act does not apply because this action comes within each of three exceptions to that Act's application. Alternatively, plaintiffs ask for leave to amend their complaint to include a civil rights claim under 42 U.S.C. § 1983 for violation of due process, arguing that § 1983 claims are not subject to the bar of the Anti-Injunction Act. In addition to other authorities, plaintiffs rely on Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma, 874 F.2d 709 (10th Cir. 1989), a case which upheld the federal court's intervention in Oklahoma state-court proceedings and in state officials' efforts to prohibit bingo games on tribal lands.

This Court's Agreement With
the Oklahoma Supreme Court's Decision in Bittle v. Bahe

Most, if not all, of plaintiffs' arguments in response to the motion to dismiss depend upon a determination by this court that, contrary to the conclusion of the Oklahoma Supreme Court in Bittle v. Bahe, Oklahoma courts lack jurisdiction in Bittle v. Bahe because of the Tribe's and the Thunderbird Entertainment Center's tribal asserted sovereign immunity. Indeed, many of plaintiffs' arguments presuppose

[3](...continued)
Injunction Act may be avoided. This argument is correct, and plaintiff does not take issue with it.

that this court will concur with plaintiffs' contention that Bittle v. Bahe was wrongly decided. Accordingly, in order to rule on the jurisdictional issues presented by defendants' motions to dismiss, it is necessary for this court to determine whether it agrees with the Oklahoma Supreme Court's decision in Bittle v. Bahe.

The Oklahoma Supreme Court's decision in Bittle v. Bahe is based on Rice v. Rehner 463 U.S. 713 (1983). Although Rice involved licensing issues, Rice states that there is no tradition of sovereign immunity with respect to the tribes' regulation of alcoholic beverages, and Rice finds that application of state alcoholic beverage licensing laws to the tribes does not impair a right granted or reserved by federal law to the tribes. Rice, 463 U.S. at 734-35. In Bittle v. Bahe the Oklahoma Supreme Court applies this rationale and concludes that neither the Tribe nor the Thunderbird Entertainment Center (as an arm of the Tribe) may assert tribal sovereign immunity in this action because Oklahoma's laws allow negligence actions of the type Ms. Bittle brings against these defendants as part of the Oklahoma's regulatory scheme concerning alcoholic beverages. As an additional rationale for its result, Bittle v. Bahe also finds that even if immunity were available, the Tribe waived its immunity to Ms. Bittle's negligence action when it applied for a state license to sell alcohol and agreed to be bound by the laws of the State of Oklahoma.

After careful consideration, this court agrees with both rationales supporting the Oklahoma Supreme Court's decision in Bittle v. Bahe. Thus, it also agrees with the conclusion of the Oklahoma Supreme Court that the District Court of Pottawatomie County continues to have jurisdiction in Bittle v. Bahe because tribal immunity does not apply. Even without any other findings, this conclusion would be fatal to almost all of plaintiffs' arguments offered in response to defendants' motions to dismiss. (Also, it would obviously be fatal to plaintiffs' case on the merits, were this court to

consider the viability of this action at a later stage.) Nevertheless, the court states here its separate conclusions regarding the parties' arguments.

Jurisdiction to Review Bittle v. Bahe

Defendants first move for dismissal based on this court's lack of authority to review final judgments of a state court. As stated in Van Sickle v. Holloway, 791 F.2d 1431 (10th Cir. 1986), "Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id*. at 1436 (citations and quotations omitted.) This action does not use the word "review" in the relief requested portion of the complaint. At its core, however, this action asks this court to find that the Oklahoma Supreme Court incorrectly decided the jurisdictional issue when it had Ms. Bittle and the Tribe and the Thunderbird Entertainment Center before it in Bittle v. Bahe. This court finds that the claims for relief alleged in this action are "inextricably intertwined" with the state court decision in Bittle v. Bahe. *See*, Van Sickle, *id*. at 1436, quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983). Accordingly, the court agrees with defendants that it does not have jurisdiction to review the final decision of the highest court of Oklahoma in this case; such review may only be obtained in the United States Supreme Court.

Full Faith and Credit, and Preclusion Doctrines

Second, defendants move for dismissal under the full faith and credit doctrine and closely related preclusion doctrines (res judicata also known as claim preclusion, and collateral estoppel also known as issue preclusion).

Title 28 U.S.C. § 1738, ¶ 3, states that "Such Acts, records, and judicial proceedings or copies thereof, so authenticated, [referring to the records and judicial proceedings of any court of any state, territory or possession] shall have the same full

faith and credit in every court within the Untied States and its Territories and Possessions as they have by law or usage in their courts of such State, Territory, or Possession from which they are taken."

Having stated its agreement with Bittle v. Bahe's conclusion that the Oklahoma courts have jurisdiction over Ms. Bittle's negligence action, this court rejects plaintiffs' argument that this court should not give full faith and credit to Bittle v. Bahe because the Oklahoma Supreme Court did not have jurisdiction over Ms. Bittle's negligence action.

Plaintiffs also contend that this action presents issues other than those decided in Bittle v. Bahe, so that full faith and credit is not applicable. Plaintiffs argue that these other issues include: whether the state court action may proceed in accordance with Bittle v. Bahe or whether that action is pre-empted by, or in violation of, federal statutory and common law; whether the tribal court has exclusive jurisdiction over the controversy; whether venue is appropriate in the state court or whether venue is appropriate in the tribal court; whether plaintiffs will suffer irreparable injury if defendants are not enjoined from proceeding in state court; and whether the exercise of state court jurisdiction will violate federal Indian law, violate the policy of preempting state court jurisdiction over Indians, and infringe upon the Tribe's federally protected rights of self-government and self-determination. (Doc. no. 13, pp. 10-11.) These issues, however, are subordinate to the broader issue, which is whether the Tribe and the Thunderbird Entertainment Center are entitled to tribal immunity -- the question Bittle v. Bahe addressed. Accordingly, this court rejects plaintiffs' argument that, because the Bittle v. Bahe decision does not concern the same cause of action that is now alleged in this court, this court is not required to give full faith and credit to that decision.

Plaintiffs also argue that this court is not required to give Bittle v. Bahe full faith and credit, or any preclusive effect, because Bittle v. Bahe is not a final judgment. Although proceedings continue in Bittle v. Bahe to determine whether defendants' negligence did, in fact, cause Ms. Bittle's injuries, the jurisdictional issues have been fully and finally adjudicated in that action. Accordingly, the court finds that Bittle v. Bahe constitutes a final adjudication and judgment for purposes of the full faith and credit clause, and for purposes of claim preclusion or issue preclusion. If claim preclusion requires a final decision on the merits of the underlying action, as opposed to a final decision on the merits of the jurisdictional issue (a finding the court need not make), then the court finds that issue preclusion bars this action because issue preclusion does not require a final adjudication on the merits. As stated in B. Willis CPA, Inc. v. BNSF Railway Corporation, 531 F.3d 1282 (10th Cir. 2008):

> In accordance with the doctrine of issue preclusion (previously known as collateral estoppel), once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim.... To invoke issue preclusion, there need not be a prior adjudication on the merits (as is often the case with *res judicata*) but only a final determination of a material issue common to both cases. Further, the doctrine of issue preclusion may not be invoked if the party against whom the earlier decision is interposed did not have a full and fair opportunity to litigate the critical issue in the previous case.

*Id*. at 1301 (applying Oklahoma law, citations and quotations omitted). There has been a final determination of a material issue common to both cases, *i.e.* the Tribe's immunity and the state courts' jurisdiction. The court also finds that plaintiffs had a full and fair opportunity to litigate this issue in state court. Accordingly, at a minimum, issue preclusion applies.

Plaintiffs further argue that Bittle v. Bahe and this action do not involve the same parties for purposes of preclusion because this action includes Judge Combs as a defendant. The court rejects that argument. Except for Judge Combs, who is added to this action as a defendant because plaintiffs seek to enjoin proceedings in his court, all of the parties in this action are also parties in Bittle v. Bahe. This is sufficient identity of parties for purposes of preclusion doctrines because the parties in interest actually litigated the jurisdictional question through the highest state court level.

Plaintiffs also argue that Bittle v. Bahe is not entitled to full faith and credit and that related preclusion doctrines do not apply because federal courts are not required to give full faith and credit to state court decisions that are constitutionally infirm. Plaintiffs argue that the state court decision violates constitutional due process and equal protection because it was rendered without jurisdiction. This court's determination that Bittle v. Bahe's conclusions are correct, however, means that this court rejects the argument that Bittle v. Bahe is constitutionally infirm.

Defendant Bittle relies on Kickapoo Tribe of Oklahoma v. Rader, 822 F.2d 1493, 1501-02 (10th Cir. 1987) in support of her position that this action should be dismissed because it is precluded. In Kickapoo Tribe, the Tenth Circuit applied Oklahoma's law of res judicata. The state district court had denied the Tribe's intervention in state court proceedings, and that order had not been appealed by the Tribe. *Id*. at 1499. The Tribe sought to collaterally attack the state order in federal district court. *Id*. The federal district court found, contrary to the state court, that the Indian Child Welfare Act applied. *Id*. On appeal, the Tenth Circuit reversed the federal district court, concluding that the state court ruling that the ICWA did not apply was entitled to full faith and credit under 28 U.S.C. § 1738 and that, applying the requirements of res judicata per Oklahoma law, the state court's order denying intervention had preclusive effect. *Id*. at 1501. The Tenth Circuit found that there

was identity of subject matter; identity of the cause of action; identity of the persons and parties to the action; and identity of the quality or capacity in persons affected. *Id*.

The same criteria that were met in Kickapoo Tribe are also met here. There is identity of subject matter and cause of action because relief in both suits depends upon whether the Tribe and the Thunderbird Entertainment Center are entitled to tribal immunity or whether Oklahoma's laws regarding liability for serving alcohol to noticeably intoxicated individuals applies. There is identity of parties because the Tribe and the Thunderbird Entertainment Center were (and are) the adversaries of Ms. Bittle in both actions, and because there is no significant difference in the quality of advocacy or capacity of these parties in the two actions. Therefore, this court finds that the Oklahoma courts would consider the Tribe's and the Thunderbird Entertainment Center's action in this court barred by preclusion. *See*, *id*.

In short, Bittle v. Bahe is entitled to full faith and credit from this court, and preclusion doctrines bar the parties from re-litigating the issues which they had a full and fair opportunity to litigate and which they did, in fact, litigate, in state court.

The Anti-Injunction Act

Defendants also argue the Anti-Injunction Act requires dismissal. The Act provides, in pertinent part, that:

> A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

As stated in Chick Kam Choo v. Exxon Corporation, 486 U.S. 140 (1980):

> The Act...is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal

> and state courts. ... Prevention of frequent federal court intervention is important to make the dual system work effectively. By generally barring such intervention, the Act forestalls the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court. Due in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court. ... [T]he exceptions are narrow and are not to be enlarged by loose statutory construction.

*Id*. at 145-46, citations and quotations omitted.

The straightforward language of the Anti-Injunction Act means that the injunctive relief sought in this action is precluded unless one of the three exceptions stated in the text of the Act applies. Plaintiffs argue that all three exceptions apply because this action has been expressly authorized by Act of Congress; because this action is necessary in aid of the federal court's jurisdiction; and because this action is necessary to effectuate a federal court's judgments. Plaintiffs also argue that the Anti-Injunction Act does not apply to Indian Tribes suing (as plaintiffs do here) under 28 U.S.C. §1362, where the same action could have been brought by the United States a trustee for the Tribe.[4]

Taking this last proposition first, plaintiffs rely on Cayuga Indian Nation of New York v. Fox, 544 F. Supp. 542, 551, n.5 (N.D. N.Y. 1982). As an alternative basis for its finding that the Anti-Injunction Act did not bar the injunction requested in that case, that decision reasoned that the Cayuga Indian Nation was not barred by

---

[4]Title 28 U.S.C. § 1362 provides that "The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States."

the Anti-Injunction Act because the Supreme Court has held that the Act does not apply when the United States is the party seeking the injunction and the injunctive relief could have been sought by the United States as trustee for the Tribe. In the instant action, however, the United States would not have brought this action as trustee for the Tribe given the United States Supreme Court's decision in Rice stating there is no tradition of tribal sovereign immunity in the area of alcoholic beverages regulation. Accordingly, the court rejects plaintiffs' argument that the Anti-Injunction Act does not apply because the United States could have brought this suit on behalf of the Tribe.

The court next takes up plaintiffs' position that each of three exceptions to the Anti-Injunction Act applies. As a general proposition informing this discussion, the court notes Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281 (1970). In its discussion of the Anti-Injunction Act, Atlantic Coast Line states that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id*. at 297.

The first exception to the Anti-Injunction Act is for injunctions that have been authorized by Congress. The court finds that this exception does not apply because this action, as one seeking to enjoin state court proceedings which involve a private negligence claim resulting from the alleged serving of alcohol on tribal property, is not an action that has been authorized by Congress.

The second exception to the Act applies if the injunction of state court proceedings is in aid of the federal court's jurisdiction. As this court agrees with the decision in Bittle v. Bahe that there is no tribal immunity with respect to the application of state alcoholic beverages regulations, this action is not one that is necessary in aid of the federal court's jurisdiction.

This court also rejects plaintiffs' reliance on the third exception to the Anti-Injunction Act. That exception allows an injunction if necessary to effectuate a federal court's judgment. There is no federal court judgment to effectuate here, only a state court adjudication regarding the state courts' own jurisdiction.

In light of the straightforward language of the Act, and construing any exceptions to the Act narrowly, this court finds that the Anti-Injunction Act precludes the injunctive relief sought in this action.

As for defendants' arguments that the declaratory relief sought in this action is precluded by the Anti-Injunction Act, the court notes defendants' reliance on In re Complaint of River City Towing Services, Inc., 199 F.Supp.2d 495 (E.D. La. 2002). Citing Fifth Circuit law, that decision reasoned that when declaratory relief would constitute an "end run around the requirements of the Anti-Injunction Act," the Act bars such declaratory relief. *Id*. at 499, citations and quotations omitted. On its face, however, the Anti-Injunction Act does not suggest any bar against relief other than injunctive relief. Absent a Tenth Circuit decision interpreting the Anti-Injunction Act as applying to declaratory relief, and although recognizing that declaratory relief might be hollow relief unless paired with the accompanying injunctive relief sought by plaintiffs in this action, this court finds that the Anti-Injunction Act, on its face, does not preclude the declaratory relief sought in the complaint.

Accordingly, the Anti-Injunctive Act provides an alternative ground for dismissing plaintiffs' claims for injunctive relief but not plaintiffs' claims for declaratory relief.[5]

---

[5]As previously noted, plaintiffs request for leave to amend to add § 1983 claims, arguing that such claims are not subject to the Anti-Injunction Act. As described in plaintiffs' briefing, such civil rights claims, if alleged, would allege a denial of due process based on the fact that the Oklahoma courts do not have jurisdiction over the proceedings now in state court. Once again, however, this (continued...)

Seneca-Cayuga

Lastly, the court considers plaintiffs' reliance on Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma, 874 F.2d 709 (10th Cir. 1989). In Seneca-Cayuga, the Tenth Circuit upheld a decision by Judge Thomas R. Brett not to abstain in an action which asked him to enjoin state proceedings and state officials' prohibitions against bingo games on Indian trust land. The reasoning of the Tenth Circuit in Seneca-Cayuga makes clear it was the fact that the activities in question (gambling) were primarily of federal interest, *id*. at 712, which caused the court to conclude that abstention was not required and that the district court's preliminary injunction should be affirmed. By contrast here, federal interests do not predominate in this case. This proposition is quite well established by Rice, which states that "[a]pplication of the state licensing scheme does not impair a right granted or reserved by federal law." *Id*. at 734. Although Seneca-Cayuga indicates there are times when a federal court should not abstain from interfering in state court proceedings, Seneca-Cayuga is of no real help to plaintiffs here because the tribes do not have a tradition of immunity with respect to the regulation of alcoholic beverages and state interests predominate. *See*, Rice at 733 ("the Indians never enjoyed a tradition of tribal self-government insofar as liquor transactions were concerned").

Finally, a brief discussion of the doctrine of judicial abstention is warranted although the parties' briefs never expressly refer to "abstention." Abstention is the exception rather than the rule. *See*, Joseph A. ex rel. Corrine Wolfe v. Ingram, 275 F.3d 1253, 1267 (10th Cir. 2002) (citing Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) for the statement that abstention "should be rarely invoked, because the federal

---

[5](...continued)
court's conclusion that the Oklahoma courts do have jurisdiction in Bittle v. Bahe would be fatal to the proposed § 1983 claim. Accordingly, leave to amend would be futile and is **DENIED**.

courts have a virtually unflagging obligation to exercise the jurisdiction given them."). Abstention is not discretionary, but is mandatory when the conditions for abstention are met. *Id*., quoting Amanatullah v. Colorado Bd. of Med. Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999). If abstention should be considered as a ground for dismissal here despite defendants' failure to expressly press that doctrine as a ground for dismissal, the court finds that it should abstain from awarding the relief requested in this action because Younger v. Harris abstention applies. *See*, Younger v. Harris, 401 U.S. 37 (1971) and its progeny. This is because the relief requested in this action would require this court to interfere with an ongoing state judicial proceeding, because the state proceedings implicate important state interests, and because the parties had an adequate opportunity to raise federal issues such as tribal immunity in the state proceedings. Amanatullah at 1163, citing J. B. v. Valdez, 186 F.3d 1280 (10th Cir. 1999). Thus, the abstention doctrine provides another ground for dismissal.[6]

## Conclusion

After careful consideration, each motion to dismiss is **GRANTED** under Rule 12(b)(1) because this is an action which, in essence, seeks review of a final decision of the highest state court on the subject of the state courts' jurisdiction. This action is also dismissed under Rule 12(b)(6) because it seeks relief that is unavailable as a matter of law based on doctrines of full faith and credit and preclusion. This action is also dismissed under Rule 12(b)(6) because, to the extent it asks this court to enjoin state court proceedings, it is barred by the Anti-Injunction Act. Finally, the court finds that abstention is appropriate. Amendment would be futile to cure these

[6]Alternatively, if Younger abstention should not apply because there is no state enforcement or regulatory action involved in the state court proceedings plaintiffs ask this court to enjoin, or if abstention should not be a ground for dismissal (as opposed to a ground for staying the federal action), then these alternative conclusions would not change the result stated in this order because there are other grounds for dismissal.

insufficiencies. Leave to amend is therefore **DENIED**. This action is **DISMISSED** with prejudice.

Dated this 18th day of June, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0091p002pubrev.wpd